Out of the Box Developers, LLC v. LogicBit Corp., 2013 NCBC 32.

| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 10 CVS 8327 |

OUT OF THE BOX DEVELOPERS, LLC,
d/b/a OTB CONSULTING,

      Plaintiff,

v.

LOGICBIT CORP., FRANCISCO A.
RIVERA, DOAN LAW, LLP, and THE
DOAN LAW FIRM, LLP,

      Defendants.

**ORDER ON PLAINTIFF'S MOTION
FOR DISCOVERY SANCTIONS AND
FOR CONTEMPT**

{1}     THIS MATTER has been before the court on several prior discovery issues. It is now before the court on Plaintiff's Motion for Discovery Sanctions and for Contempt ("Motion for Sanctions") pursuant to Rule 37 of the North Carolina Rules of Civil Procedure ("Rule(s)"). For the reasons stated below, the Motion is GRANTED in part. Defendants are ordered to provide discovery as noted. Plaintiff's counsel is directed to submit further information regarding costs and fees so that an appropriate sanction can be entered.

> *Ellis & Winters LLP by Jonathan D. Sasser, C. Scott Meyers, Lenor Marquis Segal, Philip Holroyd, and Grant W. Garber for Plaintiff.*

> *Sands Anderson PC by David McKenzie and Donna Ray Berkelhammer for Defendants.*

Gale, Judge.

## I. PARTIES

{2} Plaintiff Out of the Box Developers, LLC ("OTB") is a North Carolina Limited Liability Company with its principal place of business in Cary, North Carolina. OTB developed a package of customizations, specifically targeted for consumer bankruptcy attorneys, for a program called Time Matters.[1] (Second Am. Compl. ¶ 18.) OTB licenses this package of customizations under the name BK*express*. (Second Am. Compl. ¶ 21.)

{3} Defendant LogicBit Corp. ("LogicBit") is a Delaware corporation with its principal place of business in Cary, North Carolina. LogicBit licenses HoudiniESQ, a generic case management system which is similar to and competes with Time Matters. (Second Am. Compl. ¶¶ 52–53.)

{4} Defendant Francisco A. Rivera ("Rivera") is the founder, owner, and CEO of LogicBit. (Second Am. Compl. ¶ 6.)

{5} Defendants Doan Law, LLP and Doan Law Firm, LLP are California Limited Liability Partnerships (collectively, "the Doan Defendants"). The Doan Defendants initially used BK*express* as their case management software, but with assistance from LogicBit and Rivera migrated to HoudiniESQ.

## II. FACTUAL BACKGROUND

{6} Plaintiff filed the Complaint in Wake County on May 14, 2010. The Complaint generally alleged that Defendants stole a series of software customizations from OTB's BK*express* software and incorporated those customizations into LogicBit's competing program, HoudiniESQ. On May 25, 2010, OTB, LogicBit, Francisco Rivera, and the Doan Law Firm entered into an agreement providing for, among other things, the preservation of evidence ("Preservation Agreement"). (Mot. in the Cause, and Mot. for Extension of Time to

---

[1] Time Matters is a case management program sold and distributed by LexisNexis, a non-party to this lawsuit. (Second Am. Compl. ¶¶ 12–13.)

Perform an Act Required or Allowed to be Done (hereinafter "Mot. for Extension of Time") Ex. C.) The Preservation Agreement provided that:

> From now through the trial of the Litigation, LogicBit, Rivera, and Doan will not alter, remove, or destroy any documents, files, program, or other computer-related instrumentalities that are related to work that LogicBit or Rivera performed for Doan in 2010, except nothing in this paragraph shall limit or impede Doan's ability to use and modify its databases in the ordinary course of business for purposes of servicing Doan's clients[.]

(Mot. for Extension of Time Ex. C, at ¶ 4.)

{7} On June 25, 2010, the Parties submitted a joint Case Status Report informing the court that the Parties met on June 7, 2010 and that

> [d]uring this meeting, the Defendants' counsel provided some information concerning the version of HoudiniESQ currently running on the Doan Firm's computer system. Since the meeting, the parties have attempted to set up a conference where representatives of OTB could remotely access the version of HoudiniESQ running on the Doan Firm's computer system. The parties anticipate that this remote-access conference will occur by July 31, 2010.

(Case Status Report 2, June 25, 2010.)[2]

A. Plaintiff's Discovery Requests

{8} On July 2, 2010, OTB served its First Requests for Production and Inspection of Tangible Things to Defendant the Doan Law Firm, LLP. (Br. in Supp. of Mot. to Compel Doan Law Firm, LLP's Resps. to Pl.'s First Set of Reqs. for Produc. and for Sanctions (hereinafter "Br. in Supp. of Oct. 2010 Mot. to Compel") Ex. A.) This discovery request sought:

> 1. Versions of HoudiniESQ sufficient to show each and every customization you, or any other party, has made to HoudiniESQ from

---

[2] At this time, Mr. McKenzie was not yet counsel for Defendants. Mr. McKenzie became counsel for Defendants LogicBit and Rivera on July 19, 2011 and counsel for the Doan Defendants on September 6, 2011.

the first time LogicBit and/or Francisco A. Rivera granted you access HoudiniESQ [sic].

(Br. in Supp. of Oct. 2010 Mot. to Compel Ex. A.)  Plaintiff filed a motion to compel responses to its discovery requests on October 8, 2010.  On October 27, 2010, the Doan Law Firm produced documents responsive to the requests for production, but OTB contended the production was incomplete.  (Pl.'s Reply to the Doan Law Firm LLP's Resp. to Pl.'s Mot. to Compel and for Sanctions 2.)

{9}     In December 2011, OTB served several additional discovery requests upon Defendants.  In its First Set of Interrogatories and First Set of Requests for Production of Documents from Defendant Rivera, OTB sought:

> Request for Production No. 20:  A copy of HoudiniESQ as it existed on
> May 1, 2010.[3]

(Pl.'s Mem. in Supp. of Renewed Mot. to Compel Replacement of Corrupted File and to Compel Prod. of Previously Requested Versions of HoudiniESQ (hereinafter "Mem. in Supp. of Nov. 2012 Mot. to Compel") 2–3, Ex. A.)

{10}     OTB also served its Third Set of Interrogatories and Third Set of Requests for Production of Documents on Doan Law, LLP seeking:

> Request for Production No. 2:  A complete copy of the HoudiniESQ-
> based case management program currently used by You.
>
> Request for Production No. 3:  A copy of the HoudiniESQ-based case
> management program used by You as of May 15, 2010.[4]

(Mem. in Supp. of Nov. 2012 Mot. to Compel 2–3, Ex. B.)  Doan Law Firm LLP responded that both requests were duplicative "as the program currently in use by Doan LLP has been previously tendered, and, on information and belief, OTB has

---

[3] This same request was served on Defendant LogicBit.  (*See* Am. Resp. to Mot. to Show Cause and for Sanctions 6.)

[4] These same two requests were served on Defendant Doan Law Firm, LLP.  (*See* Am. Resp. to Mot. to Show Cause and for Sanctions 6.)

previously downloaded the same from HoudiniEsq's website."[5]  (Mem. in Supp. of Nov. 2012 Mot. to Compel Ex. B.)

B.     Plaintiff's Motions to Compel

1.     July 2012 Motion to Compel

{11}    On July 12, 2012, Plaintiff filed a Motion to Compel Replacement of Corrupted Files ("July 2012 Motion to Compel").  The July 2012 Motion to Compel sought documents responsive to Plaintiff's Request for Production No. 13, which requested:

> Electronic executable copies of all SQL scripts or other computer scripts, programs or files that in any way facilitated the extraction, transfer or migration of any data from any Time Matters-based database or case management program used by Doan (including but not limited to BKexpress [sic]) to a HoudiniESQ-based database or case management program, including test scripts and drafts of scripts.

(Am. Resp. to Mot. to Show Cause and for Sanctions 5 n.4.)  Defendants responded that this information was produced on a USB drive, which Plaintiff alleged was corrupt and inaccessible.  (Br. in Supp. of July 2012 Mot. to Compel 1–2.)  The USB drive allegedly contained, among other things, a file titled "HoudiniESQ.swf (05/20/2010)."  (Br. in Supp. of July 2012 Mot. to Compel 2.)  The July 2012 Motion to Compel was later deemed moot based on an apparent agreement having been reached, but without prejudice to Plaintiff's ability to re-file its motion.  (Order 1, Oct. 11, 2012.)

---

[5] At the May 1, 2013 hearing on Plaintiff's Motion for Sanctions, it became apparent from Mr. Rivera's testimony that his belief that Plaintiff had accessed HoudiniESQ even though not licensed to do so was based on Rivera's belief that Plaintiff's counsel's questions at Mr. Rivera's deposition regarding the HoudiniESQ end user license agreement ("EULA") would have only been possible if there had been such an improper access.  (Mot. for Sanctions Hr'g Tr. 64:25–66:5.)  However, Mr. Rivera did not account for the fact that information regarding the EULA had been produced in discovery.  Plaintiff's counsel was clear in his representation to the court that he had never accessed the HoudiniESQ program as Mr. Rivera had suspected.

2.  November 20, 2012 Renewed Motion to Compel

{12}    On November 20, 2012, Plaintiff filed a Renewed Motion to Compel Replacement of Corrupted File ("November 2012 Motion to Compel") again seeking to compel Defendants to produce the "HoudiniESQ.swf (05/20/2010)" file, and, "[b]ecause the contents of that file are not known to OTB, OTB further requests an order compelling Defendants to produce all versions of HoudiniEsq sought by OTB in requests for production issued in December 2011 . . . ." (Nov. 2012 Mot. to Compel 1.)  OTB contended that their December 2011 requests for production sought "(i) a version of HoudiniEsq as it existed before Defendants customized it for bankruptcy; (ii) a version of HoudiniEsq as it existed shortly after Defendants completed their initial bankruptcy customizations; and (iii) a version of HoudiniEsq as it is used today by Defendants Doan Law, LLP and The Doan Law Firm, LLP . . . ." (Mem. in Supp. of Nov. 2012 Mot. to Compel 1.)[6]  OTB also contended that when they attempted to download the present version of HoudiniESQ from the website, they were denied a license to use the program.  (Mem. in Supp. of Nov. 2012 Mot. to Compel 3, Ex. C, at 21:15–21.)

{13}    Defendants responded to Plaintiff's November 2012 Motion to Compel on December 10, 2012, contending that "OTB first requested and received relevant versions of HoudiniEsq . . . in May 2010," but at the same time alleged that "[u]ntil now, OTB never requested that the Defendants reproduce any specific version of HoudiniEsq," and that "OTB did not . . . request three separate versions of HoudiniEsq. . . . It requested HoudiniEsq as it existed in May 2010 and as it is presently used, which had already been provided in May 2010 and again in January 2012." (Mem. in Opp'n to Renewed Mot. to Compel Replacement of File and Pl.'s New Mot. to Compel Versions of HoudiniESQ (hereinafter "Mem. in Opp'n to Nov. 2012 Mot. to Compel") 1–2.)  Defendants further denied that OTB was "denied" a license to use HoudiniESQ, contending instead that while OTB downloaded

---

[6]  Again, apparently the HoudiniESQ program itself has not changed, but rather the changes are the customizations by the Doan Defendants that are imbedded in its client database, so that the "versions" are those customizations to the HoudiniESQ program as utilized by the Doan Defendants.

HoudiniESQ and failed to receive an email confirmation with a license, it did not contact Defendants to get such a license. (Mem. in Opp'n to Nov. 2012 Mot. to Compel 2–3.)

{14} The court held a Status Conference on December 19, 2012. At the Status Conference, Plaintiff again stated its request for (1) the present, off-the-shelf version of HoudiniESQ, which the Parties now seem to agree is the same version of HoudiniESQ that existed in May 2010 before the bankruptcy customizations were made; (2) the version of HoudiniESQ with the bankruptcy customizations that the Doan Defendants had in May 2010; and (3) a version of HoudiniESQ with the bankruptcy customizations that the Doan Defendants are using today; versions which they reassert were asked for in their December 2011 discovery requests. (Status Conference Draft Tr. 31:16–32:7, Dec. 19, 2012.) As to the request for the HoudiniESQ before any client modification, the dispute centered on whether and how a license can be generated to allow Plaintiff to use the program. (*See* Status Conference Draft Tr. 33:20–34:9, Dec. 19, 2012.)[7] In response to the court's questioning on this topic, Mr. McKenzie responded that Plaintiff never requested a license, but said "I'll be happy to produce that," and "I'll have it today, Your Honor." (Status Conference Draft Tr. 34:8–9, Dec. 19, 2012.) The court then requested that Mr. McKenzie produce the license by January 4, 2013. (Status Conference Draft Tr. 34:8–9.)

{15} In regard to the request for the May 2010 version of HoudiniESQ with the Doan Defendants' bankruptcy customizations, Mr. McKenzie assured the court that everything has been preserved. (Status Conference Draft Tr. 34:20–35:14, Dec. 19, 2012.) Mr. McKenzie acknowledged that he did not know whether there is "a way to freeze in time . . . what you would have seen if you had logged in to the server on that May [2010] date," but noted that "the parties signed an agreement on May 14th, to preserve all the evidence . . . . They have not used it since. It's in Jim

---

[7] The court understands that a user runs an executable file, which when run, takes the user through a registration process. Once registered, the user is then granted a license which allows the user to access the underlying program maintained on LogicBit's server. The HoudiniESQ program then interacts with the client's database to display the client's data in a customizable format.

Doan's testimony." (Status Conference Draft Tr. 38:15–39:5, Dec. 19, 2012.)

Plaintiff's counsel mentioned the Preservation Agreement and that, "our view is

that, in fact, the Doans were obligated to preserve that snapshot in time as of May,

2010, of their version of Houdini with the bankruptcy customizations." (Status

Conference Draft Tr. 40:6–12, Dec. 19, 2012.) Mr. McKenzie responded "Your

Honor, certainly, if they want to see the Houdini, or something like that, we'll make

that happen," but again contended that HoudiniESQ with the bankruptcy

customizations has never been requested. (Status Conference Draft Tr. 41:17–24,

Dec. 19, 2012.) Another exchange was as follows:

> THE COURT: Well, again, typically, what you would do, if you had, for example, Microsoft-access database that was in litigation dispute, you'd copy and freeze it in time, and say, 'This is the way it existed on the day,' and you'd go forward and make all sorts of modifications, and you would have both. I don't know whether this product is capable of being copied and preserved in that way, or not.
>
> MR. McKENZIE: The database would be. The database can be exported with all their customizations. Yeah, they'll be there. Absolutely.

(Status Conference Draft Tr. 46:20–47:5, Dec. 19, 2012.) Later, Mr. McKenzie

explained:

> I'm more than happy – I cannot produce on a disk, as Mr. Garber said, or any other way, the Doan version of Houdini as is being presently used or in May, 2010. That does not – that would require exporting it, or it would require – here's another option, Your Honor. It would require installing [HoudiniESQ] 1.6, and then making Jim Doan go back on another server and make all those customizations again, and sort of redoing it. The easier thing I think, Your Honor, is to simply do a go-to meeting of some kind, some Internet-based thing, where the Doans put their Houdini up for their expert, or Mr. Sasser, or whoever wants to look at it, and say, "Hey, this is what's used."

(Status Conference Draft Tr. 53:18–54:6, Dec. 19, 2012.)

{16} Lastly, with regards to Plaintiff's request for the bankruptcy-

customized version of HoudiniESQ currently used by the Doan Defendants, Mr.

McKenzie clarified for the court that there is no "bankruptcy version" of

HoudiniESQ; Mr. Doan simply customized the regular off-the-shelf version of HoudiniESQ. (Status Conference Draft Tr. 34:24–35:19, Dec. 19, 2012.) Mr. McKenzie also explained that the program could not simply be loaded onto a laptop, but that it exists on the Doan Law servers and "[t]o achieve what [Plaintiff] is asking, [Plaintiff] basically needs to go in and look at the Houdini version in use by the Doans . . . ." (Status Conference Draft Tr. 36:12–19, Dec. 19, 2012.) Mr. McKenzie repeatedly affirmed his willingness to set up a remote meeting to allow Plaintiff to view the Doan's version of HoudiniESQ. (*See, e.g.*, Status Conference Draft Tr. 37:4–6, 41:17–19, 42:6–10, 54:22–23, Dec. 19, 2012.)

{17}    At the end of the December 19, 2012 Status Conference, the court requested that the Parties confer regarding the production of the requested versions of HoudiniESQ and submit a report updating the court by January 25, 2013. On January 29, 2013, Plaintiff submitted a Case Status Report which reflected that "as of the filing of this Status Report, counsel had not agreed on the final form of the status report," but that "[c]ounsel for Plaintiff and Defendants have exchanged emails about the proposal, and Plaintiffs believe there is an agreement as to the production of the three requested versions of HoudiniEsq." (Case Status Report 2, Jan. 29, 2013.) Earlier that day Donna Berkelhammer, counsel for Defendants, had emailed Plaintiff's counsel stating:

> 2. Off-the-shelf-Houdini. We have provided a license and relevant credentials for your experts or client to download the program directly from the Houdini web site. This seems the most efficient and expeditious way for you to get this. . . .
>
> 3. May 2010 and current Doan versions of HoudiniESQ. We agree to the procedure outlined in the draft report.

(Pl.'s Reply Mem. in Further Supp. of Mot. for Entry of Order Compelling Disc. (hereinafter "Reply in Supp. of March 2013 Mot. to Compel") Ex. F.) Reflecting this agreement, the January 29, 2013 Case Status Report indicated that:

> Plaintiff has proposed that Defendants install the three requested versions of the HoudiniESQ databases on laptop computers provided by OTB, along with whatever information is necessary to access the

program (*e.g.,* log-in ID and password). It is Plaintiff's understanding [sic] that counsel for Defendants has agreed to provide online credentials for the current version of HoudinEsq [sic], and the two Doan versions on laptops as proposed. Defendants will provide Plaintiff with the necessary specifications for the laptops as soon as possible, and will further provide the laptops with the requested software no more than two weeks after receiving the laptops from Plaintiff.

(Case Status Report 2, Jan. 29, 2013.)

{18}    On February 7, 2013, David McKenzie emailed Plaintiff's counsel to inform them that "any laptop built in the last year or two will be more than sufficient." (Mem. in Supp. of Pl.'s Mot. for Entry of Order Compelling Disc. (hereinafter "Mem. in Supp. of March 2013 Mot. to Compel") Ex. C.) Three laptops were delivered to Mr. McKenzie by Plaintiff's counsel on February 14, 2013. (Mem. in Supp. of March 2013 Mot. to Compel Ex. D.) On March 21, 2013, Plaintiff's counsel emailed Mr. McKenzie to inquire about the status of the laptops; Mr. McKenzie responded that same day that he was working on it, but that "[o]ne is done, I know." (Pl.'s Reply Br. in Supp. of Mot. for Disc. Sanctions and for Contempt (hereinafter "Reply in Supp. of Mot. for Sanctions") Ex. 10.)

3.    March 27, 2013 Motion to Compel

{19}    On March 27, 2013, Plaintiff filed a Motion for Entry of Order Compelling Discovery ("March 2013 Motion to Compel") seeking to compel Defendants to return the three laptops, loaded with the three requested versions of HoudiniESQ, by Monday, April 8, 2013. (March 2013 Mot. to Compel.) Plaintiff notified Defendants of its intention to file a motion to compel the laptops. Before the motion was filed, Defendants returned the three laptops to Plaintiff. (Mem. in Supp. of March 2013 Mot. to Compel 3; Mem. in Supp. of Mot. for Sanctions 4.) Defendants represented to Plaintiff that one of the laptops was loaded with the off-the-shelf version of HoudiniESQ 1.6(c), but Plaintiff reported that nothing was installed on any of the laptops. (Mem. in Supp. of Mot. for Sanctions 4, Ex. 4.)

{20} In their response to the March 2013 Motion to Compel, Defendants stated the following:

- "[I]f OTB wanted the three versions of HoudiniESQ *on a laptop*, it needed to specify that in a Request pursuant to Rule 34 and then, upon not receiving the laptops, move to compel during the original discovery period . . . ."
- "The so-called 'off the shelf version' is HoudiniESQ 1.6(c). The Defendants have delivered this version to OTB numerous times. Today, OTB could accept the Defendants' invitation, offered repeatedly, to simply download HoudiniESQ 1.6(c) by going to [the website]. The undersigned will promptly email a license for the download."
- With regard to the "May 2010 'Doan Version' of HoudiniESQ," Defendants stated: "Even if one could colorably describe Mr. Doan's tweaked version of HoudiniESQ 1.6(c) as the 'Doan Version,' it is not technically possible to export that 'version' to any medium and then recreate an identical installation. Rather, what would be required is doing what Jim Doan did, twice: installing HoudiniESQ and then making the customizations after installation."
- With regard to the "Present 'Doan Version' of HoudiniESQ": ". . . OTB can accept the Defendants' repeated offer to view this 'version' remotely or send their expert to San Clemente, California for an onsite analysis."

(Defs.' Initial Resp. to March 2013 Mot. to Compel 2–3.)


C.    The Court's April 12, 2013 Order

{21}    Taking into consideration Defendants' explanation that it would be impossible to put the bankruptcy-customized versions of HoudiniESQ onto laptops as previously agreed to, on April 12, 2013 the court issued an Order on Plaintiff's March 2013 Motion to Compel:

Defendants shall provide Plaintiff with access to both (1) the bankruptcy-customized version of HoudiniESQ as it was used by the Doan Law Firm in May, 2010, and (2) the bankruptcy-customized version of HoudiniESQ that is currently being used by the Doan Law Firm, either via remote access or by allowing Plaintiff's counsel onsite access, on or before April 19, 2013. Defendants shall also provide Plaintiff with a key or license to allow Plaintiff to access the current "off-the-shelf" version of HoudiniESQ by email on or before April 19, 2013, if Defendants have not already done so, it being understood that Plaintiff shall not use such program except for purposes of this litigation, and shall not further sublease or provide others access to the program. (*See* Defs.' Initial Resp. to Pl.'s Mot. to Compel 2.)

(Order on Pl.'s Mot. for Entry of Order Compelling Disc. 1–2.) The court also noted:

To the extent Defendants contend there is no [bankruptcy-customized May 2010] version of HoudiniESQ, the court reminds Defendants of their agreement to preserve the version of HoudiniESQ with the bankruptcy customizations as of May 14, 2010. (*See* Status Conference Draft Tr. 39:1-40-42, 46-47, Dec. 19, 2012 (attached as Ex. G to Pl.'s Reply Mem. in Further Supp. of Mot. for Entry of Order Compelling Disc.).)

(Order on Pl.'s Mot. for Entry of Order Compelling Disc. 1, n.1)

{22} On April 15, 2013, Defendants emailed Mr. McKenzie requesting available times to remotely view the current and May 2010 bankruptcy-customized versions of HoudiniESQ, as well as a license to allow Plaintiff to access the off-the-shelf version of HoudiniESQ. (Mem. in Supp. of Mot. for Sanctions Ex. 5.) Mr. McKenzie responded that he was "going to try to recreate HoudiniESQ 1.6(c) as it existed in May 2010 for the Doans," but that he needed some items from Plaintiff, including two laptops. He continued:

GoToMeeting Request. I have sent your request to my clients and will be in touch. The idea, however, is to get you laptops for HoudiniESQ 1.6(c), HoudiniESQ 1.6(c) May 2010, and use GoToMeeting for the Doan's present version. I will be in touch when I have secured a time and date.

(Mot. for Extension of Time Ex. A.)

{23} On April 19, 2013, Defendants filed a Motion in the Cause, and Motion for Extension of Time to Perform an Act Required or Allowed to Be Done ("Motion for Extension of Time").  In their Motion for Extension of Time, Defendants asked "that this Court extend time to recreate HoudiniESQ as it existed in May 2010."[8]  Defendants did not additionally seek any extension of time to provide Plaintiff's counsel access to the bankruptcy-customized version of HoudiniESQ that is currently being used by the Doan Law Firm, or to provide Plaintiff with a license to access the current, off-the-shelf version of HoudiniESQ.  (*See generally* Mot. for Extension of Time.)  Despite previous representations that it is technically impossible to load the bankruptcy-customized version of HoudiniESQ used by the Doan Defendants in May 2010 onto a laptop due to the nature of the program, Defendants also stated that "[i]f OTB wanted the HoudiniESQ May 2010 isolated and preserved so that it could be loaded onto a laptop three years later, OTB should have specified this in the [preservation] agreement and not allowed for the Doans 'to use and **modify its** [sic] **database** . . . .'" (Mot. for Extension of Time 2 ¶ 13.)  Defendants then offered to recreate HoudiniESQ "to its May 2010 state," but stated that they need certain items from OTB in order to do so.  (Mot. for Extension of Time 3 ¶ 16.)

D.    Plaintiff's Motion for Sanctions

{24} On April 22, 2013, Plaintiff filed its Motion for Discovery Sanctions and for Contempt.  In its Motion, Plaintiff asserts that Defendants have failed to comply with the April 12th Order and requests that the court:

---

[8]At this time, it appears that neither Mr. McKenzie nor Mr. Rivera was aware that the Doan Law Firm had preserved a backup copy of its database as of May 2010, but rather believed that in order to allow OTB to observe the HoudiniESQ program as it would have been used by the Doan Law Firm in May 2010, Mr. Doan would need to actually recreate his May 2010 customizations.  It now appears that, had Mr. Doan advised Mr. McKenzie and Mr. Rivera that the backup database was available, arrangements could have been undertaken to allow OTB the observation it requested.  Unfortunately, Mr. Doan did not investigate and locate that backup database until after substantial further briefing and hearing.

1.  enter an order striking the Defendants' answer and proceeding to trial on damages;

2.  prohibit Defendants from introducing any evidence of any version of LogicBit's HoudiniESQ software and designating as established the fact that the practice management software used by the Doan Law Firm in May 2010 was identical to BK*express*;

3.  require Defendants to pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in filing three motions to compel and by Defendants' failure to obey the court's April 12, 2013 Order; and

4.  enter an order to show cause why Defendants should not be held in contempt for failure to comply with the April 12, 2013 Order.

(Mot. for Sanctions 1.)

{25}    Defendants responded that there simply was never a proper discovery request for three *versions* of HoudiniESQ; that OTB only requested the *program*, which is HoudiniESQ 1.6(c) and which has been produced numerous times; and that "Defendants do not have a duty to respond to discovery that has not been propounded, and Rule 37 simply does not apply." (Am. Resp. to Mot. to Show Cause and for Sanctions 2, 6–7.) They further responded that "Defendants made it clear that exporting executable 'versions' of HoudiniESQ to three laptops was not technically possible in December 2012 and that such executable Houdini 'versions' do not exist," but reiterated their ability and willingness to allow Plaintiff access "to the Doan's present version," by providing either remote or on-site access. (Am. Resp. to Mot. to Show Cause and for Sanctions 10–11.) As to the bankruptcy-customized version of HoudiniESQ used by the Doan Defendants in May 2010, Defendants contended that it "could be theoretically recreated" by using the .BAK file, the SQL Script, and HoudiniESQ 1.6(c). (Am. Resp. to Mot. to Show Cause and for Sanctions 11–12, 11 n.7.) Defendants also contend that "HoudiniESQ May

2010" has been preserved in a series of YouTube videos made by Jim Doan. (Am. Resp. to Mot. to Show Cause and for Sanctions 13.)[9]

{26}    The court held a hearing on Plaintiff's Motion for Sanctions on May 1, 2013, at which Mr. Rivera and Mr. Doan provided testimony. Mr. McKenzie explained that Defendants have not provided a license to allow Plaintiff to access the program because a license is not generated until someone actually downloads and registers the program, and Plaintiff has not yet done so. (Mot. for Sanctions Hr'g Tr. 17:20–19:10, 24:2–21, 27:12–28:11.) This process, however, is what the Court understood would be accomplished if Defendants complied with their agreement to equip the three laptops to be furnished by OTB with the three versions of HoudiniESQ. Both Mr. McKenzie and Mr. Rivera confirmed that LogicBit could register the laptop for Plaintiff and make HoudiniESQ 1.6(c) accessible from that laptop. (Mot. for Sanctions Hr'g Tr. 38:11–25; 72:7–25.) When asked why HoudiniESQ had not been loaded onto the laptops in accordance with the January 29, 2013 Case Status Report, Mr. Rivera responded that he could have put the off-the-shelf version of HoudiniESQ 1.6(c) on a laptop consistent with the agreement reported in that Case Status Report, but he did not do so because he was unable to load the May 2010 bankruptcy-customized version and he elected not to only partially comply with the agreement. (Mot. for Sanctions Hr'g Tr. 56:2–61:1, 79:8–80:2.) When pressed, Mr. Rivera admitted that he was not specifically aware of any delivery of HoudiniESQ 1.6(c) to the Plaintiffs, but had only assumed a prior access. (Mot. for Sanctions Hr'g Tr. 78:20–79:7.)

{27}    As for the bankruptcy customizations to HoudiniESQ made by the Doan Defendants in May 2010, Mr. Rivera testified that an archival copy of the Doan Defendants' database could have been preserved as of any given day in May 2010 (Mot. for Sanctions Hr'g Tr., 44:10–45:20, 66:6–20, 68:2–5); and that, by using such an archival file Mr. Rivera could cause an equipped computer to display

---

[9]  At the May 1, 2013 hearing, the court observed at least one video presentation by Mr. Doan where he displayed certain screenshots and provided his narrative of what he had done to create them. This, of course, allowed for no interaction by OTB or its further observation.

exactly what would have been seen by the Doan Law Firm on the day the backup was made. The following exchange occurred at the May 2013 hearing:

THE COURT: So if you have a copy of the Doan database as it existed on May 11th, 2010 you could take your current unmodified [HoudiniESQ] 1.6c and display the program on the computer screen; is that correct?

[MR. RIVERA]: That's correct.

THE COURT: As long as you had the database –

[MR. RIVERA]: As long as you have the database –

. . .

THE COURT: But if Mr. Doan had kept a copy of his database as it existed on May 10th [2010] you would have the capability of using your .SWF file to put on this computer exactly what you would have seen on May 10th, 2010; correct, sir?

[MR. RIVERA]: That's correct, sir.

[MR.MCKENZIE]: And just be clear, you would have the ability using the script that was used to migrate the data?

[MR. RIVERA]: Right.

. . .

THE COURT: If Mr. Doan delivers to you a file that was his archival copy of his .BAK file -- . . . -- as of a date certain in 2010 and gives that to you and says I want you to put me back at my computer screen as I was that day -- . . . -- and he gives you that .BAK file, what do you have to do to make that happen?

[MR. RIVERA]: I need the script. . . . I need the script executed by Roy Allen.

(Mot. for Sanctions Hr'g Tr. 35:11–19, 36:18–37:3, 43:9–22.)

{28}     Mr. Doan was then asked whether he made an archival copy of the database either before or after the Preservation Agreement was entered into. (Mot. for Sanctions Hr'g Tr. 84:21–85:3, 86:2–13.) Mr. Doan responded that he did not

make a copy because he did not know how to, and further that he did not ask his information technology ("IT") person to make such a copy. (Mot. for Sanctions Hr'g Tr. 84:25–85:3, 86:8–22.) Mr. Doan testified that he instead made videos in June or July 2010 that identified his customizations to HoudiniESQ and sent those videos to Plaintiff's counsel, believing that this would adequately demonstrate that he had not improperly used information from BK*express*. (Mot. for Sanctions Hr'g Tr. 91:12–92:2, 92:12–93:23.) Mr. Doan's view is that such videos were an adequate substitute for producing the underlying database. The court does not agree and unfortunately concludes that a long course of discovery disputes have flowed from a failure to identify and produce the backup copy, including a failure to make it available to Mr. Rivera.

{29} As to the bankruptcy-customized version of HoudiniESQ currently used by the Doan Defendants, Mr. Doan testified that he directly contacted Plaintiff's counsel about setting up a remote-access meeting in June 2010. (Mot. for Sanctions Hr'g Tr. 89:5–90:1, 98:9–99:8.) Whether or not such efforts were undertaken in 2010, there is no evidence that Defendants have set up remote access to allow Plaintiff to view the Doan Defendants' current version of HoudiniESQ as the court ordered on April 12, 2013.

{30} At the conclusion of the May 1, 2013 hearing, the court permitted the Parties to file supplemental affidavits responding to the topics discussed at the hearing. Defendants filed Mr. McKenzie's affidavit the following day, in which he stated:

> 4. On *at least* two occasions, I personally loaded HoudiniESQ 1.6c onto a portable computer drive [and delivered those drives to] Ellis and Winters LLP in Cary, North Carolina.
>
> . . .
>
> 7. . . . a HoudiniESQ license key cannot and will not be generated until an end user installs and completes HoudiniESQ's registration process. . . . Therefore, it was not possible to include a license key with the above-referenced drives as both installation and complete registration must first happen before a license is generated.

. . .

> 9. On this day, I have again loaded HoudiniESQ 1.6c onto the following USB drive [to be delivered to Plaintiff's counsel today].

(Aff. of David McKenzie.) In response, Defendants filed the Affidavit of Jonathan Sasser, who confirmed that a USB drive purportedly containing a HoudiniESQ.swf file was delivered on February 14, 2012, but reiterated that the file was corrupt and inaccessible. (Aff. of Jonathan Sasser ¶ 2.) Mr. Sasser also stated that a CD-ROM was delivered to Defendants on January 17, 2012, which contained a file entitled "HoudiniESQ-1.6c-windows-installer.exe." (Aff. of Jonathan Sasser ¶ 5.) Mr. Sasser indicated that another attorney attempted to execute the file on May 2, 2013 but needed a license in order to use the program. (Aff. of Jonathan Sasser ¶ 5.) Lastly, Mr. Sasser confirmed that he has never downloaded any version of HoudiniESQ from the internet. (Aff. of Jonathan Sasser ¶ 6.)

{31} On May 15, 2013, Defendants requested leave to file a Supplemental Affidavit of James P. Doan. While Plaintiff opposes allowing the affidavit, the court finds it particularly revealing. It makes clear that a backup copy of the Doan Law Firm's database as of May 2010 has existed all along but has not been identified or produced, even though counsel for both Plaintiff and Defendants have requested it if it existed. In his affidavit, Mr. Doan explained that when preparing responses to discovery requests during the course of this litigation, he had only searched the computer systems that he personally had access to and did not find any backup copy of HoudiniESQ from May 2010. (Aff. of James P. Doan ¶ 4.) He, however, did not further make inquiry of others under his control, including his law firm's IT personnel. He suggested that he had limited time to prepare for the noticed May 1, 2013 hearing, so that as a result, at the hearing he could only testify that he could not recall whether a backup copy of the HoudiniESQ program used by the Doan Defendants was made in May 2010. (Aff. of James P. Doan ¶ 2.) The court finds this somewhat remarkable considering that Plaintiff's Motion clearly raised the possibility of spoliation and a failure to comply with the earlier Preservation

Agreement. The affidavit indicates that after the hearing, and in response to questions posed by the court, Mr. Doan contacted Roy Allen, who was Mr. Doan's information technology ("IT") person in May 2010, and asked him about the possible existence of a May 2010 backup. (Aff. of James P. Doan ¶ 5.) Mr. Allen advised Mr. Doan to contact his current IT personnel. (Aff. of James P. Doan ¶ 5.) On May 3, 2010 Mr. Doan contacted Wayne Mealhouse, his current IT person. (Aff. of James P. Doan ¶ 6.) Mr. Mealhouse found a backup file from May, 2010 and an invoice from Roy Allen referencing the HoudiniESQ backup. (Aff. of James P. Doan ¶¶ 6–7.) Mr. Doan then explains that he had not uncovered the backup file or the invoice previously because he personally did not have access to all of the Doan Defendants' servers, and did not realize his limited access until after the May 1, 2013 hearing. (Aff. of James P. Doan ¶ 8.) Mr. Doan then states that "Wayne Mealhouse was able to find the backup of the HoudiniESQ database from May, 2010. I can provide this Court or OTB's expert with immediate access to this database provided that Doan Law client confidentiality is protected." (Aff. of James P. Doan ¶ 9.)

{32} A Protective Order adequate to protect the confidentiality of this database is and has been in place.

## III.  LEGAL STANDARD

{33} North Carolina Rule 37(b) provides for sanctions by the court in which an action is pending, and provides that:

> [i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule . . . a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> > a. An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

b. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence;

c. An order striking out pleadings or parts thereof . . . ;

d. In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders . . . .

. . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

N.C. R. Civ. P. 37(b). "Sanctions under Rule 37 are within the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion." *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995). However, "[i]f a party's failure to produce is shown to be due to inability fostered neither by its own conduct nor by circumstances within its control, it is exempt from the sanctions of the rule." *Laing v. Liberty Loan Co.*, 46 N.C. App. 67, 71–72, 264 S.E.2d 381, 384–85 (1980).

## FINDINGS OF FACT

{34} After considering all the evidence, the court makes the following findings.

{35} The Doan Law Firm without adequate justification failed to comply with this court's April 12, 2013 Order ordering Defendants by April 19, 2013 to provide Plaintiff with access to "the bankruptcy-customized version of HoudiniESQ as it was used by the Doan Law Firm in May, 2010 . . . ."

{36} The failure to identify and provide the Doan Law Firm's backup of its May 2010 database showing its customization of HoudiniESQ is solely the responsibility of the Doan Defendants, as there is no indication that Mr. McKenzie

or Mr. Rivera were ever aware of its existence until Mr. Doan's Supplemental Affidavit, even though that affidavit makes clear that Mr. McKenzie repeatedly asked Mr. Doan about the existence of such a backup file. (Aff. of James P. Doan ¶¶ 4, 10.)

{37} It is evident from Mr. Doan's Supplemental Affidavit that with adequate inquiry, Mr. Doan could have earlier complied with discovery requests that asked for that archival copy, and further that the Doan Defendants could have undertaken but did not undertake steps to comply with the court's April 12, 2013 Order.

{38} There is no justifiable reason why Mr. Doan did not make inquiry of his own IT personnel during the discovery process and well in advance of the various motions to compel and the May 1, 2013 hearing.

{39} All Defendants have failed to comply with this court's April 12, 2013 Order requiring Defendants to provide Plaintiff with on-site or remote access to view the bankruptcy-customized version of HoudiniESQ currently in use by the Doan Defendants by April 19, 2013.

{40} Defendants have offered no justifiable reason why they were unable to comply with this provision of the court's Order. They did not request an extension of time in which to comply.

{41} Defendants LogicBit and Rivera have failed to comply with this court's April 12, 2013 Order ordering Defendants by April 19, 2013 to provide Plaintiff with a key or license adequate to allow Plaintiff access to the current "off-the-shelf" version of HoudiniESQ. There is no justifiable reason why they did not do so. Mr. Rivera's own testimony confirmed that he could have done so.

{42} The Defendants have been given adequate opportunity to be heard. Having been heard, they have demonstrated no substantial justification or other circumstances that would render an award to Plaintiff of its expenses in connection with the several motions to compel unjust within the meaning of Rule 37(b)(2).

## CONCLUSIONS OF LAW

{43}   Defendants are subject to appropriate sanctions under Rule 37(b)(2).

{44}   Rule 37(b)(2) would allow the imposition of severe sanctions, including striking pleadings as defenses in whole or in part. The failures to comply, particularly by the Doan Defendants, are sufficiently severe to justify such sanctions. However, the court, in its discretion, elects the lesser sanction of taxing costs; provided however that the court will revisit this issue should the Defendants fail further to comply with the court's directives. Plaintiff is entitled to be reimbursed its reasonable costs and expenses associated with the various motions to compel that have now been required to have Defendants comply with their discovery obligations.

{45}   In the event Defendants fail timely to comply with the court's present further directive, among other sanctions, the court will consider implementing procedures for the finding of contempt pursuant to N.C. Gen. Stat. § 5A-1–16.

## ORDER

{46}   Based on these findings of fact and conclusions of law, and in its discretion, the court hereby ORDERS:

1. Defendants' Motion to Allow Out-of-Time Supplemental Affidavit of James P. Doan is GRANTED and it shall be deemed to have been filed;

2. Defendants' Motion in the Cause, and Motion for Extension of Time to Perform an Act Required or Allowed to be Done is DENIED;

3. On or before June 12, 2013:
   a. Provided that Plaintiff has delivered a laptop to Defendants' counsel no later than June 10, 2013, Defendants shall provide a fully registered and licensed copy of HoudiniESQ 1.6(c) installed on that laptop;

b. Defendants shall identify two specific dates, not later than July 3, 2013, on which Plaintiff shall be given access to review the Doan Law Firm's current customized bankruptcy database or software which is displayed utilizing HoudiniESQ 1.6(c);

c. The Doan Defendants shall provide Plaintiff with a copy of the May 2010 database backup;

d. Defendants shall advise Plaintiffs of any protocol or procedure necessary to display the May 2010 database utilizing HoudiniESQ 1.6(c); and

e. Plaintiff shall file an affidavit providing supporting documentation for its claimed fees and expenses incurred in connection with the various motions to compel.

4. After receipt of Plaintiff's supporting documentation, the court will enter its order directing reimbursement to Plaintiff.  The court's present inclination is to tax such fees and expenses 90% to the Doan Defendants and 10% to LogicBit.

5. Defendants shall certify to the court on or before June 20, 2013 that they have complied with the terms of this Order other than the reimbursement of Plaintiff's fees and expenses.  The court will by subsequent order provide a date by which such reimbursement shall be made.

This the 5th day of June, 2013.